Electronically Filed
Intermediate Court of Appeals
30718
22-AUG-2011
08:00 AM

NO. 30718

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEVIN M. YAMAHATA, Defendant-Appellant


APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(1DTA-10-02094)


SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge and Reifurth, J.,
with Ginoza, J. concurring separately)

Defendant-Appellant Kevin M. Yamahata (Yamahata) appeals the August 11, 2010 Order and Notice of Entry of Order entered in the District Court of the First Circuit, Honolulu Division (district court).[1]

On March 31, 2010, a Complaint was filed charging Yamahata with Operating a Vehicle Under the Influence of an Intoxicant, in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(1) and/or (a)(3) (Supp. 2010). The Complaint asserted, in pertinent part:

> On or about the 17th day of March, 2010, in the City and County of Honolulu, State of Hawaii, KEVIN M. YAMAHATA did operate or assume actual physical control of a vehicle upon a public way, street, road, or highway while under the influence of alcohol in an amount sufficient to impair his normal mental faculties or ability to care for himself and guard against casualty; and/or did operate or assume actual physical control of a vehicle upon a public way, Street, road, or highway with .08 or more grams of alcohol per two hundred ten liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61(a)(1) and/or (a)(3) of the Hawaii Revised Statutes.

---

[1] The Honorable William Cardwell presided.

On July 2, 2010, the date of trial, Yamahata filed and argued a motion to dismiss, asserting, _inter alia_, that the failure to allege state of mind, an essential fact, deprived the district court of jurisdiction. At the conclusion of a stipulated facts trial, the district court found Yamahata guilty under HRS § 291E-61(a)(1) and (3) and entered its judgment of conviction. This timely appeal followed.

On appeal, Yamahata contends that the district court erred in denying his motion to dismiss the defective charge which omitted the requisite state of mind for the offense, an essential fact required under Rule 7(d) of the Hawai'i Rules of Penal Procedure, thereby depriving the court of jurisdiction, and that the district court consequently erred in convicting him on the defective charge.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we conclude that the complaint was not required to allege a mens rea in order to be sufficient, and we reject Yamahata's challenge to the sufficiency of the complaint. State v. Nesmith, __ Hawai'i __, __ P.3d __ (App. 2011); No. CAAP-10-0000072, 2011 WL 2685719 (App. Jun. 22, 2011). Consequently, the district court did not err in denying the motion to dismiss and in convicting Yamahata.

Therefore, the District Court of the First Circuit, Honolulu Division's August 11, 2010 Order and Notice of Entry of Order is affirmed.

DATED: Honolulu, Hawai'i, August 22, 2011.

On the briefs:

Timothy I. MacMaster,
for Defendant-Appellant.

Presiding Judge

Delanie D. Prescott-Tate,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

2